IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **EDWARD MOORE,** #A70777, | |
| Plaintiff, | Case No. 20-cv-01286-SPM |
| v. | |
| ROB JEFFREYS, ANTHONY WILLS, ALEX JONES, BILL WESTFALL, LUCHS MENNERICH, ERIN CARTER, ANGELA CRAIN, and AMY LANE, | |
| Defendants. | |

## MEMORANDUM AND ORDER

**MCGLYNN, District Judge:**

Plaintiff Edward Moore an inmate of the Illinois Department of Corrections who is currently incarcerated at Menard Correctional Center, brings this civil action pursuant to 42 U.S.C. § 1983 for violations of his constitutional rights. Moore claims that he has been housed in unconstitutional conditions of confinement and exposed to environmental hazards. He seeks monetary damages and declaratory and injunctive relief.

The Complaint is now before the Court for preliminary review pursuant to 28 U.S.C. § 1915A. Under Section 1915A, any portion of a complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or requests money damages from a defendant who by law is immune from such relief must be dismissed. *See* 28 U.S.C. § 1915A(b). At this juncture, the factual allegations of the pro se complaint are to be liberally construed. *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

### THE COMPLAINT

Moore alleges the following: He suffers from medical issues that render him "for the most

part handicapped." (Doc. 1, p. 11). Moore has nerve damage in his legs due to arthritis in his back. From his shoulder to his toes, the left side of his body is numb. Moore also has numbness in the right foot and toes. (*Id.* at p. 11-12). He has arthritis in both hands, feet, hips, knees, and left shoulder, neck, and lower back. (*Id.* at p. 13). Because of these conditions, he can barely walk, bend down, or stand for long periods of time, and he experiences constant chronic pain. (*Id.*). Moore has been granted the following medical permits: (1) feed in cell; (2) low bunk; (3) low gallery; (4) shower on gallery; (5) slow walk; and (6) front cuff. (*Id.*). He is also diabetic and has high blood pressure. (*Id.* at p. 11).

Around February 6, 2020, Moore was moved from West House at Menard to North I Lowers. (Doc. 1, p. 11). In North I, Moore has been subjected to unconstitutional conditions that have caused him pain and suffering. (*Id.* at p. 14). He is housed in a single-man cell that is very small, measuring 4'8" wide by 10'8" long and not equipped for a handicapped person. (*Id.* at p. 15, 17, 34). In this limited space, there is a bunk bed, toilet, sink, and television stand. (*Id.*). He is assigned the bottom bunk, but the top bunk bed is so low that he cannot sit up in bed, and it is difficult and painful for him to "roll in and out" of the bunk. (*Id.* at p. 12). The cell has poor lighting, and there is also a strong mildew and mold smell coming from the basement below the cell. (*Id.* at p. 17-18).

The showers in the gallery where Moore is housed are not equipped for a handicapped person. (Doc. 1, p. 17). They are dirty and do not have lights. Moore is forced to shower in the dark. (*Id.* at p. 17, 36). The ventilation system for the gallery is also very dirty. (*Id.* at p. 17).

Moore has requested to move cells, but his requests have been denied or ignored by Defendants. (Doc. 1, p. 14, 17, 18, 25-28).

## DISCUSSION

Based on the allegations of the Complaint, the Court finds it convenient to designate the

following counts:

    **Count 1:**    Eighth Amendment conditions of confinement claim against Jeffreys, Wills, Jones, Westfall, Mennerich, Carter, Crain and Lane.

    **Count 2:**    Americans with Disabilities Act ("ADA") and Rehabilitation Act ("RA") claim against Defendants for failing to accommodate his physical disabilities.

The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. **Any other claim that is mentioned in the Complaint but not addressed in this Order should be considered dismissed without prejudice as inadequately pled under the *Twombly*[1] pleading standard.**

## Count 1

Prison conditions may be unconstitutionally unacceptable if they "pose a 'substantial risk to inmate health or safety.'" *Estate of Simpson v. Gorbett*, 863 F.3d 740, 745 (7th Cir. 2017) (quoting *Framer v. Brennan*, 511 U.S. 825, 837).

The Court finds that Moore, who suffers from various medical conditions, has stated a claim for deliberate indifference to his conditions of confinement for being housed in a small cell (1) not equipped for an inmate with physical disabilities; (2) with a bunk bed with a low top bunk; (3) exposed to mold and mildew; (4) with poor ventilation; (5) and with dirty and dark showers that also do not have proper accommodation for his disabilities. *See Isby v. Brown,* 856 F. 3d 508, 522 (7th Cir. 2017) ("some conditions of confinement may establish an Eighth Amendment violation in combination when each would not do so alone"). *But see Carroll v. Detella,* 255 F. 3d 470, 471 (7th Cir. 2001) ("failing to provide a maximally safe environment, one completely free from pollution or safety hazards" is not cruel and unusual punishment). Moore personally spoke about his cell conditions to Wills, Jones, Westfall, Mennerich, Carter, and Lane and also wrote

---

[1] *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (7th Cir. 2007).

letters to Jeffreys, Wills, Jones, Carter, and Crain, but Defendants have failed to act. Accordingly, Count 1 will proceed against all Defendants.

## Count 2

Moore alleges that the cell in which he is being housed in North I and the shower he uses are not "equipped for a handicapped person." (Doc. 1, p. 17). The Court construes this as a claim under the ADA and RA. Moore, who suffers from arthritis, chronic pain, and limited mobility, has stated a colorable claim under both statutes. Count 2 will proceed against IDOC Director Jeffreys in his official capacity and is dismissed as to the other Defendants. *See* 42 U.S.C. § 12131(1)(b); *Jaros v. Ill. Dep't of Corrs.*, 684 F.3d 667, 670, n. 2 (7th Cir. 2012) (individual capacity claims are not available; the proper defendant is the agency or its director (in his official capacity)).

## DISPOSITION

For the reasons stated above, the Complaint survives preliminary review pursuant to Section 1915A. **COUNT 1** will proceed against Jeffreys, Wills, Jones, Westfall, Mennerich, Carter, Crain, and Lane. **COUNT 2** will proceed against Jeffreys and is **DISMISSED** as to all other Defendants.

Because Moore's claims involve his medical conditions, the Clerk of Court is **DIRECTED** to **ENTER** the standard qualified protective order pursuant to the Health Insurance Portability and Accountability Act.

The Clerk of Court shall prepare for Jeffreys, Wills, Jones, Westfall, Mennerich, Carter, Crain, and Lane the following: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is directed to mail these forms, a copy of the Complaint, and this Memorandum and Order to the defendants' place of employment. If a defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate

steps to effect formal service on that defendant, and the Court will require the defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If a defendant can no longer be found at the work address provided by Moore, the employer shall furnish the Clerk with the defendant's current work address, or, if not known, his last known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Defendants are **ORDERED** to file an appropriate responsive pleading to the Complaint in a timely manner and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g). **Pursuant to Administrative Order No. 244, Defendants only need to respond to the issues stated in this Merit Review Order.**

If judgment is rendered against Moore and the judgment includes the payment of costs under Section 1915, he will be required to pay the full amount of the costs, even though his application to proceed *in forma pauperis* was granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Finally, Moore is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than 7 days after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

IT IS SO ORDERED.

DATED: December 10, 2021

                                                  *s/Stephen McGlynn*
                                                  **STEPHEN P. MCGLYNN**
                                                  **United States District Judge**

**NOTICE TO PLAINTIFF**

The Court will take the necessary steps to notify the appropriate defendants of your lawsuit and serve them with a copy of your complaint. After service has been achieved, the defendants will enter their appearance and file an Answer to the complaint. It will likely take at least **60 days** from the date of this Order to receive the defendants' Answers, but it is entirely possible that it will take **90 days** or more. When all of the defendants have filed Answers, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Plaintiff is advised to wait until counsel has appeared for the defendants before filing any motions, to give the defendants notice and an opportunity to respond to those motions. Motions filed before defendants' counsel has filed an appearance will generally be denied as premature. Plaintiff need not submit any evidence to the Court at his time, unless otherwise directed by the Court.