IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| EDWARD MOORE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No.   20-cv-1286-RJD |
| | ) | |
| ROB JEFFREYS, ANTHONY WILLS, ALEX | ) | |
| JONES, BILL WESTFALL, LUCAS | ) | |
| MENNERICH, ERIN CARTER, ANGELA | ) | |
| CRAIN, and AIMEE LANG, | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER**

**DALY, Magistrate Judge:**

This matter is before the Court on the Partial Motion for Summary Judgment on the Issue of Exhaustion filed by Defendants Anthony Wills, Bill Westfall, Lucas Mennerich, Erin Carter, and Rob Jeffreys (Doc. 37).   For the reasons set forth below, the Motion is **GRANTED IN PART AND DENIED IN PART**.

**<u>Background</u>**

Plaintiff Edward Moore, an inmate in the custody of the Illinois Department of Corrections ("IDOC"), filed this lawsuit pursuant to 42 U.S.C. § 1983 alleging his constitutional rights were violated while he was incarcerated at Menard Correctional Center ("Menard").   Plaintiff alleges he was housed in unconstitutional conditions of confinement and exposed to environmental hazards.   Plaintiff's complaint was screened pursuant to 28 U.S.C. § 1915A and he proceeds on the following claims:

> Count One:   Eighth Amendment conditions of confinement claim against Jeffreys, Wills, Jones, Westfall, Mennerich, Carter, Crain and Lang.

  Count Two: Americans with Disabilities Act ("ADA") and Rehabilitation Act ("RA") claim against Jeffreys for failing to accommodate Plaintiff's physical disabilities.

  Defendants Wills, Westfall, Mennerich, Carter, and Jeffreys filed a Partial Motion for Summary Judgment on the Issue of Exhaustion (Doc. 37) that is now before the Court. In their motion, Defendants assert Plaintiff filed and exhausted his administrative remedies as to three grievances. Defendants Crain, Lang, and Jones concede these grievances exhaust the claims against them; however, Defendants Wills, Westfall, Mennerich, Carter, and Jeffreys assert these grievances do not exhaust the claims against them because they were not mentioned or described in these grievances. Defendant Jeffreys also asserts the exhausted grievances do not outline the details and facts of Count Two — Plaintiff's ADA and RA claim.

  The three grievances identified by Defendants are set forth as follows:

  **1. February 6, 2020 Emergency Grievance (Doc. 38-1 at 66-71):** In this grievance, Plaintiff complains that it is impossible for him to sit upright on the bottom bunk due to his medical conditions and the limited space between the top and bottom bunks. Plaintiff also mentions that his bed and lighting are "not up to today's standards and codes." The Chief Administrative Officer ("CAO") found an emergency was not substantiated and directed Plaintiff to submit his grievance according to the standard grievance procedure. Plaintiff followed this directive and the grievance was received by Plaintiff's counselor on February 19, 2020. The counselor responded to the grievance on the same date, and Plaintiff submitted this grievance for review by the Grievance Officer. The Grievance Officer recommended that the grievance be found moot and the CAO concurred on March 9, 2020. In his response, the Grievance Officer indicated that Plaintiff was currently single-celled and could use other available options in his cell to sit upright, and wrote that Menard was in compliance with ACA ("American Correctional Association")

standards. The ARB received this grievance on March 19, 2020. The ARB denied the grievance, with the Director's concurrence, on September 3, 2020, finding that the issue was appropriately addressed by the facility administration.

   2. **February 24, 2020 Emergency Grievance (Doc. 38-1 at 47-55):** In this grievance, Plaintiff complains that he is being housed in a cell in a "size [that] is unconstitutional" and does not comply with standards and codes for "lighting, bunk beds, [and] ventilation." Plaintiff also asserts his cell is not equipped for a handicapped inmate such as himself. The CAO found an emergency was not substantiated and directed Plaintiff to submit his grievance according to the standard grievance procedure. Plaintiff followed this directive and the grievance was received by Plaintiff's counselor on March 3, 2020. The counselor responded on the same date. Plaintiff then submitted this grievance to the Grievance Officer. The Grievance Officer recommended that the grievance be found moot on March 19, 2020. Plaintiff appealed to the ARB. The ARB denied the grievance with the concurrence of IDOC Director Jeffreys on October 22, 2020, finding the issue was appropriately addressed by the facility administration.

   3. **April 2, 2020 Emergency Grievance (Doc. 38-1 at 39-44):** In this grievance, Plaintiff complains of environmental hazards, including mildew and mold, in his cellhouse and showers. Plaintiff asserts he wrote Angela Crain to advise her of the issues, but he never received a response. Plaintiff also indicates he told "Ms. Lane" and she told him this "was not her concern" and he should file a grievance. The CAO found an emergency was not substantiated and directed Plaintiff to submit his grievance according to the standard grievance procedure. Plaintiff followed this directive and submitted it to his counselor. Plaintiff's counselor responded to this grievance on April 20, 2020. Plaintiff submitted this grievance to the Grievance Officer, who recommended that it be denied on April 27, 2020. The CAO concurred with this

recommendation on April 20, 2020. Plaintiff appealed this decision to the ARB. The ARB, with the concurrence of IDOC Director Baldwin, denied the grievance on November 17, 2020, finding it was appropriately addressed by facility administration.

Plaintiff filed a timely response to Defendants' motion. In his response, Plaintiff explains that in the grievances referenced by Defendants he provided all of the relevant facts that he knew at the time. Plaintiff asserts that although these grievances do not identify Defendants Wills, Westfall, Carter, Mennerich, or Jeffreys by name, Plaintiff had either talked to them in person or had written to them about the issues he was having that were addressed in the grievances. Attached to his response are letters purportedly sent between February 18, 2020 to April 7, 2020 to various staff members, including Counselor Carter, Warden Jones, Ms. Crain, Major Westfall, Mr. Jeffreys, and Lt. Luchs — all of whom are Defendants in this lawsuit (*see* Doc. 43 at 38-59). There is no indication these letters were submitted for review by the facility in conjunction with any grievance. Plaintiff makes not mention of any other grievances he relies on to demonstrate exhaustion of his administrative remedies.

## Legal Standards

*Summary Judgment Standard*

Summary judgment is appropriate only if the moving party can demonstrate "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322(1986); *see also Ruffin-Thompkins v. Experian Information Solutions, Inc.*, 422 F.3d 603, 607 (7th Cir. 2005). The moving party bears the initial burden of demonstrating the lack of any genuine issue of material fact. *Celotex*, 477 U.S. at 323. Once a properly supported motion for summary judgment is made, the adverse party "must set forth specific facts showing there is a genuine issue

for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986). A genuine issue of material fact exists when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Estate of Simpson v. Gorbett*, 863 F.3d 740, 745 (7th Cir. 2017) (quoting *Anderson*, 477 U.S. at 248). In considering a summary judgment motion, the district court views the facts in the light most favorable to, and draws all reasonable inferences in favor of, the nonmoving party. *Apex Digital, Inc. v. Sears, Roebuck & Co.*, 735 F.3d 962, 965 (7th Cir. 2013) (citation omitted).

### *Exhaustion Requirements*

Pursuant to 42 U.S.C. § 1997e(a), prisoners are required to exhaust available administrative remedies prior to filing lawsuits in federal court. "[A] prisoner who does not properly take each step within the administrative process has failed to exhaust state remedies." *Pozo v. McCaughtry*, 286 F.3d 1022, 1024 (7th Cir. 2002). "[A] suit filed by a prisoner before administrative remedies have been exhausted must be dismissed; the district court lacks discretion to resolve the claim on the merits, even if the prisoner exhausts intra-prison remedies before judgment." *Perez v. Wisconsin Dep't of Corr.*, 182 F.3d 532, 535 (7th Cir. 1999). "[A]ll dismissals under § 1997e(a) should be without prejudice." *Ford v. Johnson*, 362 F.3d 395, 401 (7th Cir. 2004).

An inmate in the custody of the Illinois Department of Corrections must first submit a written grievance within 60 days after the discovery of the incident, occurrence or problem, to his or her institutional counselor, unless certain discrete issues are being grieved. 20 ILL. ADMIN. CODE § 504.810(a). If the complaint is not resolved through a counselor, the grievance is considered by a Grievance Officer who must render a written recommendation to the Chief Administrative Officer — usually the Warden — within 2 months of receipt, "when reasonably

feasible under the circumstances." *Id*. §504.830(e). The CAO then advises the inmate of a decision on the grievance. *Id.*

An inmate may appeal the decision of the Chief Administrative Officer in writing within 30 days to the Administrative Review Board for a final decision. *Id.* § 504.850(a); *see also Dole v. Chandler*, 438 F.3d 804, 806–07 (7th Cir. 2006). The ARB will submit a written report of its findings and recommendations to the Director who shall review the same and make a final determination within 6 months of receipt of the appeal. 20 ILL. ADMIN. CODE § 504.850(d) and (e).

An inmate may request that a grievance be handled as an emergency by forwarding it directly to the Chief Administrative Officer. *Id.* § 504.840. If it is determined that there exists a substantial risk of imminent personal injury or other serious or irreparable harm, the grievance is handled on an emergency basis, which allows for expedited processing of the grievance by responding directly to the offender. *Id.* Inmates may further submit certain types of grievances directly to the Administrative Review Board, including grievances related to protective custody, psychotropic medication, and certain issues relating to facilities other than the inmate's currently assigned facility. *Id.* at § 504.870.

## Discussion

Based on the record before the Court, and after consideration of the parties' arguments, the Court finds Plaintiff failed to exhaust his administrative remedies as to Defendants Wills, Westfall, Mennerich, Carter, and Jeffreys as to Count One. Plaintiff's grievances, however, are sufficient to exhaust his claims set forth in Count Two.

It is undisputed there are three grievances relevant to the claims in this lawsuit dated February 6, February 24, and April 2, 2020. Plaintiff does not point to any other grievances

relevant to the pending claims that he relies on to establish exhaustion[1]. Plaintiff admits he did not name Defendants Wills, Westfall, Mennerich, Carter, and Jeffreys in said grievances. Plaintiff also states he "gave all relevant facts in the grievances he knew of at the time of filing." Insofar as Plaintiff makes this argument to explain why he was unable to name these Defendants, it is contradicted by his next argument — that he sent these Defendants letters or otherwise spoke to them so they were aware of his issues. While the Court understands that Plaintiff cannot name or identify individuals that he does not know are involved in the circumstances causing his complaints, it is clear in this instance Plaintiff knew the identities of individuals he felt were responsible for the conditions and had ignored his complaints. As such, the Court finds Plaintiff's assertion that he set forth all the facts that he knew at the time he filed his grievances unavailing.

Next, the Court considers Plaintiff's argument that he spoke with or wrote letters to Defendants Wills, Westfall, Mennerich, Carter, and Jeffreys about the issues in this lawsuit. The Court notes Plaintiff attached these letters to his response. The Court also notes there is no indication that said letters were actually sent or received and it is not clear how Plaintiff retained copies. These issues, however, are not relevant and need not be addressed further for the purpose of considering exhaustion. The salient issue with regard to these letters is that they were not a substitute for a grievance. Section 504.810 clearly contemplates that grievances be written on grievance forms. While the Court finds this requirement could possibly be excused in limited circumstances, there must be a showing that grievance forms were not available. Clearly, the record in this case demonstrates that grievance forms were available to Plaintiff at the time he was purportedly writing the letters under consideration.

---

[1] Plaintiff attached a fourth grievance, dated February 17, 2020, to his response (*see* Doc. 43 at 11-19). However, he does not specifically mention this grievance in his response and it concerns his medical treatment and is not relevant to the conditions of confinement issues in this lawsuit.

Further, it is undisputed that the grievances that were exhausted did not mention, name, or describe Wills, Westfall, Mennerich, Carter, or Jeffreys. Pursuant to 20 ILCS § 504.810(c), grievances must contain factual details regarding each aspect of the inmate's complaint, including the name of each person who is the subject of or who is otherwise involved in the complaint. While the Seventh Circuit has interpreted this as requiring the inmate plaintiff to identify names only to the extent practicable, see *Glick v. Walker*, 385 F. App'x 579, 582 (7th Cir. 2010), in this instance, Plaintiff makes no mention or reference to these Defendants. Indeed, aside from his reference to Crain and Lang, Plaintiff merely sets forth general complaints concerning the conditions in his cell. This is not sufficient to put the prison on notice that Plaintiff was complaining about any action taken by Defendants Wills, Westfall, Mennerich, Carter, or Jeffreys related to their alleged failure to address the cell conditions that is at issue in Count One.

Plaintiff's grievances, however, were sufficient to put the institution on notice concerning his ADA and RA claims set forth in Count Two. Plaintiff specifically complains that his cell is not equipped for a handicapped inmate in his February 24, 2020 grievance, and his grievances generally make reference to non-compliance with current standards and regulations. Defendants incorrectly interpret Count Two as being limited to showers, but such a narrow scope was not what the screening order intended. The screening order referenced Plaintiff's claim that both his shower and cell were not equipped for a handicapped person (*see* Doc. 14 at 4). Defendant Jeffreys is named as a defendant in this count only in his official capacity as the IDOC Director. Thus, it was not necessary for Plaintiff to identify Jeffreys by name. For these reasons, the Court finds Plaintiff's grievances sufficiently exhausted administrative remedies with regard to Count Two.

**Conclusion**

Based on the foregoing, the Partial Motion for Summary Judgment on the Issue of Exhaustion filed by Defendants Anthony Wills, Bill Westfall, Lucas Mennerich, Erin Carter, and Rob Jeffreys (Doc. 37) is **GRANTED IN PART AND DENIED IN PART**.

Defendants Anthony Wills, Bill Westfall, Lucas Mennerich, and Erin Carter are **DISMISSED WITHOUT PREJUDICE**. Rob Jeffreys in his individual capacity is also **DISMISSED WITHOUT PREJUDICE**. Plaintiff shall proceed on the following claims:

Count One: Eighth Amendment conditions of confinement claim against Jones, Crain and Lang.

Count Two: Americans with Disabilities Act ("ADA") and Rehabilitation Act ("RA") claim against Jeffreys in his official capacity for failing to accommodate Plaintiff's physical disabilities.

**IT IS SO ORDERED.**

**DATED: December 9, 2022**

*s/ Reona J. Daly*
**Hon. Reona J. Daly**
**United States Magistrate Judge**